207 A.2d 382.

ANTHONY MONIZ *vs.* THE UNION LABOR LIFE INSURANCE COMPANY.

MARCH 2, 1965.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Joslin, JJ.

PAOLINO, J. This action of assumpsit is before us on the plaintiff's exception to the superior court's decision sustaining the defendant's demurrer to the plaintiff's declaration. The narrow question presented is whether the plaintiff has alleged sufficient facts to entitle him to certain insurance benefits.

The plaintiff alleges in substance that he was insured under certain group policies issued by defendant to the trustees of a certain union's health and welfare fund; that on June 22, 1962, while covered under such policies and during the course of his employment, he "fell from a fork-lift and suffered a comminuted fracture of his left ankle which required an ankle fusion; that as a result of said fracture and fusion an osteomyelitis condition of the left ankle joint developed and as a consequence thereof continued in effect until May 27, 1963 when the Plaintiff had his left leg amputated below the knee in order that his life might be saved:"

The plaintiff has attached to the declaration and incorporated by reference thereto a certificate containing pertinent provisions of the policies. The insuring clause of the accidental death and dismemberment provision reads as follows:

> "Insuring Clause. Immediately after receipt of due proof that any Person, while insured under this provision, shall have sustained bodily injuries caused directly and exclusively by external, violent and purely

accidental means, and, within ninety days after such injuries, and as a result, directly and independently of all other causes, of such injuries, shall have sustained any of the losses enumerated in the Schedule of Losses set forth below, the Company will, subject to the limitations and provisions of the Policy, pay to such Person, if living, otherwise to the Beneficiary, an amount determined in accordance with said schedule. The Principal Sum refers to the amount set forth in the Schedule of Insurance."

Under the schedule of losses the certificate provides that "With regard to * * * feet, loss shall mean dismemberment by severance at or above * * * ankle joints * * *."

The plaintiff further alleges that pursuant to the provisions of the policy pertaining to accidental death and dismemberment he became entitled to certain money benefits; that he had duly applied for such dismemberment benefits; and that defendant has refused to pay the same.

The defendant's demurrer avers that plaintiff's declaration fails to set forth a cause of action because "it affirmatively appears from said declaration that the plaintiff did not sustain the alleged loss by severance within ninety days after his injury and was, therefore, not insured for said loss under" the provisions of the certificate attached to the declaration and incorporated therein by reference thereto.

The plaintiff contends that the superior court erred in sustaining defendant's demurrer. He admits that the language of the insuring clause is clear and unequivocal and that the pertinent provision states that the company will pay scheduled amounts for losses sustained by the insured, arising out of bodily injuries and "within ninety days after such injuries * * *." However he argues that his injuries, namely, the osteomyelitis condition, were in continuance. until the date of the dismemberment and that therefore defendant is liable.

We are in agreement with plaintiff's statement that the pertinent language of the insuring clause is clear and un-

ambiguous. We need not, therefore, concern ourselves with rules of construction. The provisions of the insuring clause must be applied literally. It is our opinion that the superior court did not err in sustaining defendant's demurrer.

The accidental death and dismemberment provision clearly contemplates "bodily injuries" and the occurrence of certain losses set forth in the schedule of losses within ninety days from such injuries. The declaration contains no allegation that the osteomyelitis condition is a bodily injury within the meaning of the insuring clause; nor does plaintiff allege the date on which the osteomyelitis condition developed and that within ninety days thereafter he had his leg amputated. In the circumstances the declaration is vague and indefinite and clearly fails to set forth a cause of action.

The cases of *Hatch* v. *United States Casualty Co.*, 197 Mass. 101, and *Continental Casualty Co.* v. *Colvin*, 77 Kan. 561, are clearly distinguishable from the case at bar.

The plaintiff's exception is overruled, and the case is remitted to the superior court for further proceedings.

*Abraham Goldstein,* for plaintiff.

*Higgins, Cavanagh & Cooney, John P. Cooney, Jr., Kenneth P. Borden,* for defendant.